# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY A. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-1196-NJR |
| ) | |
| ROB JEFFREYS, CHRISTOPHER ) | |
| SCOTT THOMPSON, LOVE, JANE ) | |
| DOE ASSISTANT WARDEN, R. KING, ) | |
| C. HALE, and PATTY SNEED, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Tracy A. Thomas, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Defendants failed to accommodate his disability and denied him access to the law library. He asserts claims against the defendants under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money

1

damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint: In September 2019, Plaintiff asked to access the law library at Pinckneyville. He received a response indicating that he was scheduled for a visit on September 17, 2019, but when he went on his call pass to the law library, he learned that he could not access the law library because he was in a wheelchair and the elevator was not working. Plaintiff learned that the elevator had not worked for some time. As a result of the disabled elevator, Plaintiff has not been able to access to the law library at Pinckneyville. He wrote an emergency grievance which was deemed an emergency but denied by counselor Hale and deemed moot by the Administrative Review Board's Patty Sneed and Rob Jeffreys. Plaintiff seeks an injunction ordering defendants to repair the elevator so that he may access the law library.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate the following single count in this *pro se* action:

**Count 1:** **Defendants violated his rights under the ADA and/or RA when they denied him access to the law library.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

At this stage, Plaintiff's allegations are sufficient to articulate a colorable ADA and/or RA claim. Plaintiff's claim, however, cannot proceed against the individual defendants as individual employees of IDOC cannot be sued under the ADA or the RA. *Jaros v. Illinois Dep't of Corrs.*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Rob Jeffreys, the IDOC Director, will remain in the case, in his official capacity only.

To the extent that Plaintiff seeks to raise any individual claims against Defendants, those claims are **DISMISSED without prejudice**. Plaintiff alleges that a number of Defendants improperly denied his grievance regarding his access to the law library, but the denial or mishandling of a grievance does not amount to a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Plaintiff also alleges that he was not able to appeal his case due to his inability to access the law library, but he fails to allege an access to courts claim because he does not allege what case he was trying to appeal or how counselors King and Hale, Warden Thompson, Jane Doe Assistant Warden, and Rob Jeffreys interfered with his access to the courts. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) ("a prisoner's complaint must spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions") (quotations omitted). He only alleges that these individuals denied his grievances regarding his library access, which does not state a claim (Doc. 1, p. 8).

## Preliminary Injunction

Plaintiff's Complaint seeks a preliminary and permanent injunction and requests that the Court order that the elevators at Pinckneyville be fixed so that he can access the law library. On November 4, 2019, Plaintiff was instructed to file a formal motion for a preliminary injunction (Doc. 4). Instead, Plaintiff filed a response (Doc. 6) to the Order indicating that he is unable to file a motion because he is not skilled in the law and does not have access to the law library to learn how to file a formal motion.

In light of the concerns presented by the Complaint, the Court will construe Plaintiff's request for a preliminary injunction in his Complaint as a motion. The Court **DIRECTS** the Clerk to **DOCKET** a motion for preliminary injunction based on the allegations in the Complaint. Defendant Jeffreys is **DIRECTED** to respond to that motion on or before **January 21, 2020**.

## Disposition

For the reasons stated above, Count 1 shall proceed against Rob Jeffreys (official capacity only). Christopher Thompson, Love, Jane Doe Assistant Warden, R. King, C. Hale, and Patty Sneed are **DISMISSED without prejudice**, and the Clerk is **DIRECTED** to **TERMINATE** them from the docket.

The Clerk of Court shall prepare for Defendant Rob Jeffreys (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps

to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  1/6/2020**

                                                            **NANCY J. ROSENSTENGEL**
                                                            **Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**