IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY A. THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> ROB JEFFREYS, <br><br> Defendant. | Case No. 19-cv-1196-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On October 31, 2019, Plaintiff, Tracy A. Thomas, an inmate of the Illinois Department of Corrections, filed his Complaint alleging claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") for his inability to access the law library at Pinckneyville Correctional Center ("Pinckneyville") (Doc. 1). As part of his Complaint, Thomas included a request for preliminary injunction for the elevators at Pinckneyville to be fixed so that he would be able to access the law library. The Court construed the request as a motion and docketed a motion for preliminary injunction (*See* Doc. 10 at p. 4; Doc. 11). Jeffreys filed a response (Docs. 16 and 19) to the motion. Thomas has filed a reply (Doc. 20).

### BACKGROUND

Thomas's Complaint alleges that he is wheelchair bound (Doc. 10, p. 2). While at Pinckneyville, Thomas asked for access to the law library. Although he receives a call pass to the law library, he is unable to attend the library because the elevator does not work. Thomas asks that the elevator be repaired so that he can access the law library. Jeffreys's response indicates that the elevator is now fixed. Dana Newton, the librarian at Pinckneyville, states that she received Thomas's call pass on September 9, 2019, but she was not aware that he was

wheelchair bound (Doc. 16-2, p. 1). If she had known, Newton states that she would have contacted him to make arrangements to provide him with materials until he was able to access the library (*Id.* at p. 1). The elevator to the law library was repaired on October 16, 2019, and certified ready for use on October 23, 2019 (Doc. 16-1, p. 1). Jeffreys notes that Thomas requested library access again on November 12, 2019, was issued a call pass on November 19, 2019, and was able to attend the law library on that date (Doc. 16-2, p. 1; 16-3).

Thomas acknowledges in his reply that the elevator is now fixed and that he went to the law library in November (Doc. 20). He argues, instead, that prior to the elevator being fixed he was denied access to the law library on numerous occasions and lost an appeal as a result of not being able to access the law library (*Id.* at pp. 6-8).

**PRELIMINARY INJUNCTION STANDARD**

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

   1. a reasonable likelihood of success on the merits;
   2. no adequate remedy at law; and
   3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a plaintiff has met his burden,

the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

## ANALYSIS

The Court finds that Thomas has not shown that he is entitled to a preliminary injunction because he has not demonstrated a likelihood of success on the merits or shown that he will suffer irreparable harm if an injunction is not issued. The ADA provides that "no qualified individual with a disability shall, because of that disability…be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Analysis under the ADA and RA is the same; thus, a plaintiff must show "(1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability." *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B); *Wis. Cmty. Serv. v. City of Milwaukee*, 465 F.3d 737, 746 (7th Cir. 2006); *Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119 (7th Cir. 1997)). "Refusing to make reasonable accommodations is tantamount to denying access." *Jaros*, 684 F.3d at 672.

Here, Thomas is not currently being denied access to a program or activity. The

affidavits submitted by Jeffreys demonstrate that the elevator was fixed on October 16, 2019, and Thomas was able to access the law library when he next requested a visit, on November 19, 2019. There is likewise no indication in the record that Thomas cannot attend the law library presently because the elevator is currently working. Although Thomas argues that he could not access the law library numerous times in the past, he has not shown that he cannot access the law library now or in the future. Because the elevator is currently working and he is able to access the law library, Thomas also has not shown that he will suffer irreparable harm if an injunction is not entered.

## Conclusion

For the reasons stated above, Plaintiff's motion for preliminary injunction (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 7, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**