IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TRACY A. THOMAS,

                Plaintiff,

v.                                                             Case No. 19-cv-1196-NJR

ROB JEFFREYS,

                Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Tracy A. Thomas brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. At the time he filed his Complaint, Thomas was an inmate of the Illinois Department of Corrections ("IDOC"), but he has since been released. His Complaint alleged a single count of violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e.

This matter is now before the Court on Defendant Rob Jeffreys's motion for sanctions (Doc. 41). Thomas was ordered to file a response to the motion by May 19, 2022 (Doc. 43). He was warned that a failure to respond to the motion could result in sanctions, including the dismissal of his claims. As of this date, Thomas has failed to respond to the motion for sanctions.

### BACKGROUND

On October 31, 2019, Thomas filed his Complaint alleging violations of the ADA

and RA. Specifically, his Complaint alleged that, while housed at Pinckneyville Correctional Center, he was unable to access the law library in September 2019 because he was in a wheelchair and the elevator was not working. On March 26, 2021, the Court entered a merits scheduling order (Doc. 38). The scheduling order granted Defendant Jeffreys leave to depose Thomas pursuant to Federal Rule of Civil Procedure 30(a)(2) (*Id.* at pp. 1-2). The Court further instructed Jeffreys that should he wish to take Thomas's deposition, he should serve a Rule 30 notice on Thomas at least two weeks prior to the date of the deposition (*Id.* at p. 2). Thomas was instructed that he had to cooperate in taking the deposition (*Id.*). He was further warned that a failure to cooperate could result in sanctions, including the dismissal of his lawsuit (*Id.*).

Jeffreys indicates in his motion that on March 11, 2022, he sent a notice of video deposition to Thomas's address, as listed on the docket sheet (Doc. 41-1). The deposition was set via Zoom on March 29, 2022 (*Id.*). Counsel for Jeffreys appeared for the video deposition that day but Thomas did not (Doc. 41-2).And Thomas did not contact Jeffreys's counsel before or directly after the scheduled deposition. Instead, almost a month later, on April 27, 2022, Thomas called counsel to discuss the missed deposition (Doc. 41, p. 2). Counsel asked to call Thomas back but has been unsuccessful in reaching him. Jeffreys asks for a sanction of $225.00 to cover the cost of the court reporter's appearance at the deposition (Doc. 41-3).

Jeffreys subsequently requested to stay the dispositive motion deadline until the Court ruled on the motion for sanctions. Jeffreys asked that, should Thomas pay the requested sanction, that discovery be reopened so that he could take Thomas's deposition

(Doc. 42). On May 6, 2022, the Court granted Jeffreys's motion to stay (Doc. 43). The Court also ordered Thomas to respond to the motion for sanctions, warning Thomas that his failure to respond could result in the dismissal of his claims (*Id*.). Again, the deadline to respond to the motion for sanctions was May 19, 2022 (*Id*.).

DISCUSSION

Thomas has failed to respond to the pending motion for sanctions, despite the Court's warnings that his case could be dismissed if he did not do so. Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732-33 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id*. (citing *Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000)).

Simply put, Thomas has failed to prosecute his claims. He failed to appear for the deposition—despite a warning from the Court that his failure to participate could result in dismissal of his claims (Doc. 38, p. 2)—and he did not inform counsel before or directly after that he was unable to participate. Although he called counsel on April 27, 2022, he

has not been in contact with counsel since that call, and counsel has been unable to reach Thomas by phone since that initial conversation. Thomas also did not respond to Jeffreys's motion for sanctions, despite a direct order from the Court to do so. Although Jeffreys initially asked for monetary sanctions, it is clear to the Court that Thomas no longer wants to pursue his claims. To simply issue monetary sanctions and stay the case indefinitely until Thomas pays would be fruitless given that he has not responded to a Court order and failed to participate in the deposition. Furthermore, as the Seventh Circuit has acknowledged on a number of occasions, monetary sanctions are an ineffective sanction against an indigent litigant who is proceeding *in forma pauperis*. *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011).

Accordingly, Thomas's case is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). The Clerk is **DIRECTED** to close the case and enter judgment accordingly. To the extent Jeffreys seeks monetary sanctions, the request is **DENIED**.

**IT IS SO ORDERED.**

DATED:   May 26, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**